UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MALCOLM MEDLEY,<br><br>*Plaintiff,*<br><br>v.<br><br>CHARLOTTE A. BURROWS, in her official capacity as Chair, U.S. Equal Employment Opportunity Commission,<br><br>*Defendant.* | Civil Action No. 21-0534 (RC) |

## ANSWER

Defendant Charlotte A. Burrows, in her official capacity as Chair of the U.S. Equal Employment Opportunity Commission ("EEOC"), by and through undersigned counsel, hereby responds to the separately numbered paragraphs and prayer for relief contained in the Complaint (ECF No. 1) filed by Plaintiff Malcolm Medley. Any allegations not specifically admitted, denied, or otherwise responded to below are hereby denied.

The initial unnumbered paragraph in the Complaint consists of Plaintiff's characterization of his Complaint, to which no response is required. To the extent a response to this characterization is required, Defendant states that the content of the Complaint speaks for itself and denies any allegations inconsistent therewith.

### Jurisdiction and Venue[1]

1.  The allegations made in Paragraph 1 of the Complaint constitute statements of legal conclusions, rather than factual allegations, and as such, do not require a response from the

---

[1] For ease of reference, Defendant refers to the Complaint's headings and titles and acronyms, but to the extent these could be construed to contain certain factual allegations, those allegations are denied.

1

Defendant. To the extent a response is deemed required, Defendant admits that the Court has subject matter jurisdiction over proper claims arising under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e-2 and 2000e-3, and otherwise denies the allegations contained in Paragraph 1.

2. The allegations made in Paragraph 2 of the Complaint constitute statements of legal conclusions, rather than factual allegations, and as such, do not require a response from the Defendant. To the extent a response is deemed required, Defendant admits that the Court has personal jurisdiction over Defendant and otherwise denies the allegations contained in Paragraph 2. Defendant avers that the EEOC is not a Defendant or not properly named as a defendant in this action.

3. The allegations made in Paragraph 3 of the Complaint constitute statements of legal conclusions, rather than factual allegations, and as such, do not require a response from the Defendant. To the extent a response is deemed required, Defendant admits that venue is proper in this District and otherwise denies the allegations contained in Paragraph 3. Defendant specifically denies that most of the events giving rise to Plaintiff's claims occurred in this District.

4. The allegations made in Paragraph 4 of the Complaint constitute legal conclusions, rather than factual allegations, and as such, do not require a response from the Defendant. To the extent a response is deemed required, Defendant denies the allegations contained in Paragraph 4. Defendant avers that *Wagner v. Taylor*, 836 F.2d 566, 570–72 (D.C. Cir. 1987), speaks for itself and denies any allegations inconsistent therewith.

**Parties**

5. Defendant admits the factual assertions in Paragraph 5 of the Complaint.

6.       Defendant denies that she is the EEOC and, accordingly, denies the factual assertions in Paragraph 6 of the Complaint. Defendant avers that the EEOC is headquartered in the District of Columbia and conducts significant business therein.

## Factual Allegations

7.       Defendant admits the factual assertions in Paragraph 7 of the Complaint.

8.       Defendant admits the factual assertions in Paragraph 8 of the Complaint.

9.       Defendant admits that, in April 2011, Plaintiff was hired as director of the Miami district office to a Senior Executive Service ("SES") position. Defendant further admits that Nicholas Inzeo served as his direct supervisor and that this district oversaw most of Florida, the U.S. Virgin Islands, and Puerto Rico. Defendant denies all other assertions in Paragraph 9 of the Complaint.

10.       Defendant admits that the records demonstrate that from 2012-2015 Plaintiff received Outstanding or Exceeds Fully Successful ratings. Because Defendant lacks sufficient knowledge or information to form a belief as to the truth or falsity of the assertion in Paragraph 10 of the Complaint as it relates to a 2011 evaluation, that assertion is denied.

11.       Defendant admits that, on June 1, 2015, Plaintiff was reassigned to the position of Director, Field Coordination Programs, ES-0340-00, in the Office of Field Programs. Defendant further admits that this position was in Washington, D.C., where Plaintiff reported to and worked in-person with Mr. Inzeo. Defendant admits that there was an African American woman who performed a valuable function in the Office of Field Programs and was in the SES. Defendant denies all other assertions in Paragraph 11 of the Complaint.

12.       Defendant denies all assertions in Paragraph 12 of the Complaint.

13. Defendant admits that Martin Ebel is a Caucasian male. Defendant denies all other assertions in Paragraph 13 of the Complaint. Defendant avers that, on January 6, 2020, Mr. Ebel became the EEOC's Chief Operating Officer.

14. Defendant admits that, without approval, Plaintiff and a member of his staff reached out to the EEOC's Office of Information Technology to discuss work-from-home and training solutions in the face of the upcoming pandemic. Defendant denies all other assertions in Paragraph 14 of the Complaint.

15. Defendant admits that Kessela Reis is an African American woman who worked for Plaintiff. Defendant further admits that Ms. Reis sent an email to approximately 16 people. Defendant states that the content of that email speaks for itself and denies any allegations that are inconsistent therewith. Because Defendant lacks sufficient knowledge or information to form a belief as to the truth or falsity of the remaining assertions in Paragraph 15 of the Complaint, those assertions are denied.

16. Defendant admits that, in or around June 2020, Mr. Inzeo contacted Plaintiff and asked him to investigate and produce records regarding allegations of impropriety relating to Ms. Reis contacting vendors. Defendant further admits that, at the time, Ms. Reis was Plaintiff's only direct report who was black. Defendant denies all remaining assertions in Paragraph 16 of the Complaint.

17. Defendant admits that Plaintiff had conversations with Mr. Ebel regarding Mr. Inzeo. Defendant denies all remaining assertions in Paragraph 17 of the Complaint.

18. Defendant admits the factual assertions in Paragraph 18 of the Complaint.

19. Defendant admits that, on or about October 30, 2020, Mr. Ebel rated Plaintiff for his performance review for the period from October 1, 2019 through September 30, 2020.

Defendant further admits that the ratings were on a scale of 1 through 5, with 1 being unsatisfactory and 5 being outstanding. Defendant further admits that Plaintiff's overall rating was 3 and admits the listed ratings for the critical elements. Defendant denies the remaining assertions in Paragraph 19 of the Complaint.

20. Defendant admits only that Mr. Ebel provided a rating of Plaintiff. Defendant denies the remaining assertions in Paragraph 20 of the Complaint.

21. Defendant admits the factual assertions in Paragraph 21 of the Complaint.

22. Defendant admits the factual assertions in Paragraph 22 of the Complaint.

23. Defendant denies the factual assertions in Paragraph 23 of the Complaint. Defendant avers that Plaintiff's rating was only changed by the EEOC's then-Chair, Janet Dhillon.

24. Defendant admits that Mr. Ebel issued Plaintiff a letter of reprimand, which was never retracted. Defendant denies the remaining assertions in Paragraph 24 of the Complaint.

25. Defendant admits that, on or about December 14, 2020, the EEOC's then-Chair, Janet Dhillon, issued a notice to remove Plaintiff from the Senior Executive Service, noting that it was a final decision. Defendant denies the remaining assertions in Paragraph 25 of the Complaint.

26. Defendant admits that Plaintiff's removal from the Senior Executive Service was to be effective on January 17, 2021, that Plaintiff was reassigned to be the Director of Defendant's New Orleans Field Office, which is a part of the EEOC's Houston District, that Plaintiff would be a GS-15, and that the permanent duty station for the Director of the New Orleans Field Office is in New Orleans, Louisiana. Defendant denies the remaining assertions in Paragraph 26 of the Complaint.

27. Because Defendant lacks sufficient knowledge or information to form a belief as to the truth or falsity of the assertions in Paragraph 27 of the Complaint, those assertions are denied.

28. Defendant admits the factual assertions in Paragraph 28 of the Complaint.

29. Defendant admits the factual assertions in Paragraph 29 of the Complaint.

## COUNT I
### TITLE VII OF THE CIVIL RIGHTS ACT OF 1964
### 42 U.S.C. § 2000(e), *et seq.*
### Discrimination Based on Race

30. Defendant incorporates by reference her responses to Paragraphs 1–29 of this Answer.

31. Defendant admits the factual assertions in Paragraph 31 of the Complaint.

32. Defendant admits the factual assertions in Paragraph 32 of the Complaint.

33. Defendant admits the factual assertions in Paragraph 33 of the Complaint.

34. The allegations made in Paragraph 34 of the Complaint constitute legal conclusions, rather than factual allegations, and as such, do not require an answer from the Defendant. To the extent a response is deemed required, Defendant denies the allegations contained in Paragraph 34. Defendant specifically denies that the EEOC treated Plaintiff more harshly than non-African American employees.

35. The allegations made in Paragraph 35 of the Complaint constitute legal conclusions, rather than factual allegations, and as such, do not require an answer from the Defendant. To the extent a response is deemed required, Defendant denies the allegations contained in Paragraph 35.

36. The allegations made in Paragraph 36 of the Complaint constitute legal conclusions, rather than factual allegations, and as such, do not require an answer from the Defendant. To the extent a response is deemed required, Defendant denies the allegations contained in Paragraph 36. Defendant avers that Plaintiff is entitled to no relief whatsoever.

## COUNT II
## TITLE VII OF THE CIVIL RIGHTS ACT OF 1964
## 42 U.S.C. § 2000(e), *et seq.*
## Retaliation

37. Defendant incorporates by reference her responses to Paragraphs 1–36 of this Answer.

38. The allegations made in Paragraph 38 of the Complaint constitute legal conclusions, rather than factual allegations, and as such, do not require an answer from the Defendant. To the extent a response is deemed required, Defendant denies the allegations contained in Paragraph 38.

39. The allegations made in Paragraph 39 of the Complaint constitute legal conclusions, rather than factual allegations, and as such, do not require an answer from the Defendant. To the extent a response is deemed required, Defendant denies the allegations contained in Paragraph 39. Defendant specifically denies that the EEOC treated Plaintiff more harshly than non-African American employees.

40. The allegations made in Paragraph 40 of the Complaint constitute legal conclusions, rather than factual allegations, and as such, do not require an answer from the Defendant. To the extent a response is deemed required, Defendant denies the allegations contained in Paragraph 40.

41. The allegations made in Paragraph 41 of the Complaint constitute legal conclusions, rather than factual allegations, and as such, do not require an answer from the Defendant. To the extent a response is deemed required, Defendant denies the allegations contained in Paragraph 41. Defendant avers that Plaintiff is entitled to no relief.

## COUNT III
### TITLE VII OF THE CIVIL RIGHTS ACT OF 1964
### 42 U.S.C. § 2000(e), *et seq.*
### Hostile work environment of harassment based on race and prior EEO activity.

42. Defendant incorporates by reference her responses to Paragraphs 1–41 of this Answer.

43. Defendant admits the factual assertions in Paragraph 43 of the Complaint.

44. The allegations made in Paragraph 44 of the Complaint constitute legal conclusions, rather than factual allegations, and as such, do not require an answer from the Defendant. To the extent a response is deemed required, Defendant denies the allegations contained in Paragraph 44.

45. The allegations made in Paragraph 45 of the Complaint constitute legal conclusions, rather than factual allegations, and as such, do not require an answer from the Defendant. To the extent a response is deemed required, Defendant denies the allegations contained in Paragraph 45. Defendant specifically denies that the EEOC treated Plaintiff more harshly than non-African American employees.

46. The allegations made in Paragraph 46 of the Complaint constitute legal conclusions, rather than factual allegations, and as such, do not require an answer from the Defendant. To the extent a response is deemed required, Defendant denies the allegations contained in Paragraph 46. Defendant avers that Plaintiff is entitled to no relief.

The remainder of the Complaint consists of Plaintiff's prayer for relief, to which no response is required. To the extent that a response is deemed required, Defendant denies that Plaintiff is entitled to any of the requested relief.

## AFFIRMATIVE AND OTHER DEFENSES

Any allegations not specifically admitted, denied, or otherwise responded to are hereby denied, and Defendant further denies that Plaintiff is entitled to any relief whatsoever. In further response to the Complaint, Defendant raises the following defenses. Defendant respectfully reserves the right to amend, alter, and supplement the defenses contained in this Answer as the facts and circumstances giving rise to the Complaint become known to Defendant throughout the course of this litigation.

### First Defense

Defendant acted at all times in accordance with all relevant laws and regulations, specifically, in accordance with the Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-16, as amended.

### Second Defense

Defendant's challenged employment actions were based on legitimate, non-discriminatory, non-retaliatory, and non-pretextual reasons.

### Third Defense

Any damages recovered by Plaintiff must not exceed the limits imposed by 42 U.S.C. § 1981a.

### Fourth Defense

Plaintiff has failed to mitigate his damages.

WHEREFORE, having fully answered, Defendant respectfully requests that the Court enter judgment in its favor, dismiss the Complaint in its entirety with prejudice, and grant such additional relief as the Court may deem appropriate.

Dated: November 8, 2021

Respectfully submitted,

MATTHEW M. GRAVES, D.C. Bar No. 481052
United States Attorney

BRIAN P. HUDAK
Acting Chief, Civil Division

By: /s/ *Douglas C. Dreier*
DOUGLAS C. DREIER, D.C. Bar No. 1020234
Assistant United States Attorney
U.S. Attorney's Office for the District of Columbia
555 4th Street, N.W. - Civil Division
Washington, D.C. 20530
Telephone: (202) 252-2551
douglas.dreier@usdoj.gov

*Counsel for Defendant*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 8th day of November, 2021, I served a copy of the foregoing Answer by causing a copy of the document to be sent via U.S. Mail, postage prepaid, to the following address:

Malcolm Medley
18 Glencliff Road
Roslindale, MA  02131

/s/ *Douglas C. Dreier*
Douglas C. Dreier
Assistant United States Attorney