UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MALCOLM MEDLEY,<br><br>           Plaintiff,<br><br>    v.<br><br>CHARLOTTE A. BURROWS,<br>*Chair, United States Equal Employment Opportunity Commission*,<br><br>           Defendant. | No. 21-cv-534-ZMF |

## ORDER TO SHOW CAUSE

On December 2, 2021, this court issued a scheduling order which established a deadline for initial disclosures of February 28, 2022. *See* Scheduling Order, ECF No. 26. Plaintiff, proceeding *pro se*, neither met the February 28 deadline nor requested an extension. On March 4, 2022, Defendant filed a motion to dismiss for failure to comply or, in the alternative, for an order to show cause. *See* Def's Motion, ECF No. 29.

A court acts in its discretion by dismissing a complaint, either with or without prejudice, when a plaintiff fails to prosecute his or her case, fails to follow the rules of the court[,] or fails to follow the court's orders." *Allen v. United States*, 277 F.R.D. 221, 223 (D.D.C. 2011); *see* Fed. R. Civ. P. 41(b); LCvR 83.23. A court's authority to do so "is not discarded simply because a plaintiff is proceeding *pro se*." *Id.* Dismissal is appropriate "if, in view of the entire procedural history of the case, the litigant has not manifested reasonable diligence in pursuing the cause." *Bomate v. Ford Motor Co.*, 761 F.2d 713, 714 (D.C. Cir. 1985) (citing *Cherry v. Brown-Frazier-Whitney*, 548 F.2d 965, 969 (D.C. Cir. 1976)). Dismissal for failure to prosecute is a "harsh

sanction," however, and the court must demonstrate why such sanction "was necessary under the circumstances of the case." *Peterson v. Archstone Cmtys. LLC*, 637 F.3d 416, 418 (D.C. Cir. 2011) (quoting *English-Speaking Union v. Johnson*, 353 F.3d 1013, 1016 (D.C. Cir. 2004)). Indeed, dismissal should only be considered "after less dire alternatives have been tried without success." *Id.* at 418–19 (quoting *Trakas v. Quality Brands, Inc.*, 759 F.2d 185, 187 (D.C. Cir. 1985)).

Upon consideration of Defendant's motion and the entire record, it is hereby

**ORDERED** that Plaintiff shall show cause in writing on or before April 5, 2022, why this case should not be dismissed for failure to comply with court-ordered deadlines. If Plaintiff does not comply with this Order, the Court may dismiss his claims. *See Wingfield v. Off. of Architect of the Capitol*, No. 18-cv-2272-APM, 2022 WL 629082, at *1 (D.D.C. Feb. 21, 2022) (dismissing claims for failure to prosecute after the plaintiff's failure to comply with show cause order regarding the plaintiff's noncompliance with one court-ordered deadline). And it is further

**ORDERED** that Defendant's Motion to Dismiss for Failure to Comply or for Order to Show Cause is GRANTED in part and DENIED in part.

**SO ORDERED.**

DATE: March 15, 2022

_____
ZIA M. FARUQUI
UNITED STATES MAGISTRATE JUDGE