UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MALCOLM MEDLEY,<br><br>        *Plaintiff,*<br><br>v.<br><br>CHARLOTTE A. BURROWS,<br>Chair, U.S. Equal Employment Opportunity Commission,<br><br>        *Defendant*. | Civil Action No. 21-0534 (ZMF) |

**DEFENDANT'S RENEWED MOTION TO DISMISS**
**AND MEMORANDUM IN SUPPORT THEREOF**

Pursuant to Federal Rule of Civil Procedure ("Rule") 41(b) and the Court's inherent authority, Defendant Charlotte A. Burrows, in her official capacity as Chair of the U.S. Equal Employment Opportunity Commission ("EEOC"), by and through undersigned counsel, respectfully renews her motion to dismiss (ECF No. 29). Plaintiff's compliance with the show cause Order was due April 5, 2022. More than a month has passed since that date. In support of this motion, Defendant states as follows:

**BACKGROUND**

Plaintiff Malcolm Medley works for the EEOC. Compl. ¶ 26. Plaintiff alleges that he was removed from the Senior Executive Service and reassigned to another position within the EEOC. Compl. ¶ 34. Plaintiff has brought claims for race discrimination, retaliation, and hostile work environment based on race and prior EEO activity. Compl. ¶¶ 30–46. Plaintiff filed this lawsuit on March 1, 2021.

On September 2, 2021, the Court granted Plaintiff's counsel's motion to withdraw and ordered Plaintiff to have new counsel enter their appearance or declare his intent to proceed *pro se*. Minute Order (Sept. 2, 2021). Plaintiff's compliance was due on October 4, 2021. *Id.* After Plaintiff failed to comply, Defendant filed a notice with this Court that "warn[ed] Plaintiff that failure to comply with the Court's Orders may result in dismissal of this action." Def.'s Notice (ECF No. 26) at 1 (citing Fed. R. Civ. P. 41(b) and *Smith v. United States*, Civ. A. No. 95-0551, 1996 WL 694186, at *1–2 (D.D.C. Nov. 26, 1996)); *see also Smith*, 1996 WL 694186, at *1–2 (dismissing action after defendant filed notice of noncompliance that warned plaintiff of risk of dismissal for failure to comply with Order yet plaintiff continued to fail to comply). Plaintiff never complied with the Court's Order. Subsequently, on October 22, 2021, Plaintiff finally informed Defendant of his intent to proceed *pro se*, and Defendant so informed the Court. *See* Def.'s Notice (ECF No. 23) at 1.

On December 2, 2021, the Court entered a Scheduling Order that provided that "the parties must exchange the disclosures required by Fed. R. Civ. P. 26(a)(1) by February 28, 2022." Scheduling Order (ECF No. 26) at 1 (emphasis omitted). The parties had mutually agreed on this deadline. Joint Meet and Confer Report (ECF No. 25) at 3. In accordance with the Court's Scheduling Order, Defendant provided Defendant's initial disclosures on that date. *See* Email with Plaintiff (ECF No. 29-1).[1] Plaintiff did not provide his initial disclosures, so undersigned counsel informed him that his initial disclosures were past due and requested that he email them on March 1, 2022. *Id.* With Plaintiff not responding to that email, Defendant ultimately moved to dismiss or for an order to show cause.

---

[1] The parties "agree[d] to accept service of filings and discovery in electronic format in lieu of service via U.S. mail." Joint Meet and Confer Report (ECF No. 25) at 7.

On March 15, 2022, the Court entered a show cause Order that ordered Plaintiff "to show cause in writing on or before April 5, 2022, why this case should not be dismissed for failure to comply with court-ordered deadlines." Order (ECF No. 30) at 2. The Court warned that "[i]f Plaintiff does not comply with this Order, the Court may dismiss his claims." *Id.* (citing *Wingfield v. Off. of Architect of the Capitol*, Civ. A. No. 18-2272 (APM), 2022 WL 629082, at *1 (D.D.C. Feb. 21, 2022) (dismissing claims for failure to prosecute after the plaintiff's failure to comply with show cause order regarding the plaintiff's noncompliance with one court-ordered deadline)). On April 12, 2022—a week after Plaintiff's deadline had passed—Defendant notified the Court that "Plaintiff has not filed a response to the show cause Order, nor has Plaintiff served Defendant with his initial disclosures, which were due on February 28, 2022." Def.'s Notice (ECF No. 31) at 1. Defendant stated that, as a result, "dismissal is appropriate at this time." *Id.*

More than a month has now passed. Plaintiff still has not filed a response to the Court's show cause Order, nor has Plaintiff served his initial disclosures.

## **ARGUMENT**

The Court has "inherent power" to dismiss a case upon motion or *sua sponte* for failure to prosecute or otherwise comply with a Court Order. *Peterson v. Archstone Cmtys. LLC*, 637 F.3d 416, 418 (D.C. Cir. 2011) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629 (1962)); *see also* LCvR 83.23 (adopting the standard of Fed. R. Civ. P. 41(b)). This power is necessary to "prevent undue delays in the disposition of pending cases and to avoid congestion in the courts." *Link*, 370 U.S. at 629–30. This authority to dismiss a case for failure to prosecute or to follow the Court's Orders is not discarded because a plaintiff is proceeding *pro se*. *Allen v. United States*, 277 F.R.D. 221, 223 (D.D.C. 2011) (citing *Clariett v. Rice*, Civ. A. No. 04-2250 (RJL), 2005 WL 3211694, at *4 (D.D.C. Oct. 18, 2005)).

Dismissal is warranted for failure to prosecute or otherwise comply with a court order when the litigant has "not manifested reasonable diligence in pursuing the case." *Bomate v. Ford Motor Co.*, 761 F.2d 713, 714 (D.C. Cir. 1985). Relevant considerations in making this determination include "the effect of a plaintiff's dilatory . . . conduct on the court's docket, whether the plaintiff's behavior has prejudiced the defendant, and whether deterrence is necessary to protect the integrity of the judicial system." *Bristol Petroleum Corp. v. Harris*, 901 F.2d 165, 167 (D.C. Cir 1990) (citing *Shea v. Donohoe Constr. Co.*, 795 F.2d 1071 (D.C. Cir 1986)). Although dismissal may be too severe a sanction for an isolated incident of misconduct, a court's dismissal is proper where the interests of justice would not be served by lesser sanctions. *Allen*, 277 F.R.D. at 223. Dismissal under Rule 41(b) is appropriate "if the plaintiff has been previously warned that he must act with more diligence, or if he has failed to obey the rules or court orders . . . or if there are other factors aggravating the inaction." *Smith-Bey v. Cripe*, 852 F.2d 592, 594 (D.C. Cir 1988) (quoting 9 C. Wright & A. Miller, Federal Practice and Procedure § 2370, at 205–07 (1971)); *see also Cartagena v. Centerpoint Nine, Inc.*, 303 F.R.D. 109, 114 (D.D.C. 2014) (ordering plaintiff to show cause why his claims should not be dismissed after plaintiff missed one court-ordered deadline and did not respond to discovery requests, and noting that if plaintiff did not comply with the order, his claims would be dismissed).

Here, consistent with the Court's broad inherent power, the Court should dismiss this case for failure to comply with the Court's Orders. Plaintiff did not provide his initial disclosures by February 28, nor did Plaintiff ask for an extension of this Court-ordered deadline. Plaintiff was previously warned that "failure to comply with the Court's Orders may result in dismissal of this action." Def.'s Notice (ECF No. 26) at 1; *see also Clemente v. FBI*, 867 F.3d 111, 123 (D.C. Cir. 2017) (finding no abuse of discretion in dismissal and noting that "when evaluating a dismissal

4

pursuant to Rule 41(b), dismissal can sometimes be justified 'when there is some indication that the client or attorney consciously fails to comply with a court order cognizant of the drastic ramifications'") (quoting *Gardner v. United States*, 211 F.3d 1305, 1309 (D.C. Cir. 2000)). Plaintiff allowed his deadline to pass with nary a word and, despite being requested to provide his past-due initial disclosures, has—to this day—still not identified a date when he will provide them. *Cf.* Notice of Removal from the Senior Executive Service (ECF No. 9-1) at 2 ("As noted in your performance rating, you [Plaintiff] are known for not following through on your commitments and not completing tasks and assignments on time.").

Plaintiff was then provided with one last opportunity to avoid dismissal by filing a response to the Court's show cause Order (ECF No. 30). Plaintiff failed to file a response by April 5, 2022, which was his deadline, and has still not filed a response more than a month later. At this point, dismissal is appropriate without further delay. *See Wingfield*, 2022 WL 629082, at *1 (dismissing case after *pro se* plaintiff failed to respond to Show Cause Order, which had allotted plaintiff seven days to explain his failure to abide by a Court-ordered discovery deadline). Even if Plaintiff were to file a response at this point, dismissal would still be appropriate. *See id.* Plaintiff has had three strikes: (1) he failed to comply with the Court's September 2, 2021 Minute Order; (2) he failed to comply with the Court's December 2, 2021 Scheduling Order (ECF No. 26); and (3) he failed to comply with the Court's March 15, 2022 show cause Order (ECF No. 30). "To borrow a baseball aphorism, three strikes and out seems to us not unfair." *Gooley v. Mobil Oil Corp.*, 851 F.2d 513, 515 n.2 (1st Cir. 1988).

## CONCLUSION

For the foregoing reasons, Defendant requests that the Court dismiss this action for failure to comply with this Court's Orders.

Dated: May 9, 2022                              Respectfully Submitted,

MATTHEW M. GRAVES, D.C. Bar No. 481052
United States Attorney

BRIAN P. HUDAK
Chief, Civil Division

By:      /s/ *Douglas C. Dreier*
DOUGLAS C. DREIER, D.C. Bar No. 1020234
Assistant United States Attorney – Civil Division
U.S. Atty's Office for the District of Columbia
601 D Street, N.W.
Washington, D.C.  20530
(202) 252-2551
douglas.dreier@usdoj.gov

*Counsel for Defendant*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 9th day of May, 2022, I served a copy of the foregoing Motion by causing a copy of the document to be sent to Plaintiff at malcolmsmedley@aol.com.

  /s/ *Douglas C. Dreier*
Douglas C. Dreier
Assistant United States Attorney