UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **MALCOLM MEDLEY,**<br><br>**Plaintiff,**<br><br>v.<br><br>**CHARLOTTE A. BURROWS,**<br>*Chair, United States Equal Employment Opportunity Commission*,<br><br>**Defendant.** | No. 21-cv-00534-ZMF |

## MEMORANDUM OPINION

**I.     BACKGROUND**

Plaintiff Malcom Medley filed the complaint in this action on March 1, 2021.  *See* Compl., ECF No. 1.  Defendant Charlotte A. Burrows, Chair of the United States Equal Employment Opportunity Commission, filed an answer on November 8, 2021.  *See* Answer to Compl., ECF No. 24.

On December 2, 2021, this Court issued a scheduling order which, inter alia, established a deadline for initial disclosures of February 28, 2022.  *See* Scheduling Order, ECF No. 26.  Plaintiff, proceeding *pro se*, neither met the February 28 deadline nor requested an extension.  On March 4, 2022, Defendant filed a motion to dismiss for failure to comply or, in the alternative, for an order to show cause.  *See* Def.'s Mot., ECF No. 29.

On March 15, 2022, this Court issued an order to show cause.  *See* Order to Show Cause, ECF No. 30.  The Court's order required the Plaintiff to show cause in writing on or before April 5, 2022, why this case should not be dismissed for failure to comply with court-ordered deadlines.  *See id.*  The Court warned the Plaintiff that failure to comply with this order might result in dismissal of his case.  *See id.*  Plaintiff neither met the April 5 deadline nor requested an extension.  On April 12,

2022, Defendant notified this Court that the deadline to show cause had passed. *See* Def.'s Notice, ECF No. 31. On May 9, 2022, Defendant filed a motion to dismiss for failure to comply with the Court's orders. *See* Def.'s Mot., ECF No. 32. More than five months have passed without a filing by Plaintiff.

## II.   **LEGAL STANDARD**

District courts have the inherent power to dismiss a case, either upon a defendant's motion or *sua sponte*, for failure to prosecute. *See Peterson v. Archstone Cmtys. LLC*, 637 F.3d 416, 418 (D.C. Cir. 2011); Fed. R. Civ. P 41(b); LCvR 83.23. Such dismissal shall be made without prejudice unless the court determines that prejudice to the defendant requires otherwise. *See* LCvR 83.23. Courts maintain this authority to prevent undue delays and avoid congestion in district courts. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 629 (1962).

"Courts allow leeway to parties proceeding *pro se* to ensure access to the judicial system even for those persons who lack an understanding of the procedural and substantive requirements of litigation." *Garlington v. D.C. Water & Sewer Auth.*, 62 F. Supp. 3d 23, 24 (D.D.C. 2014) (citing *Moore v. Agency for Int'l Dev.*, 994 F.2d 874, 876 (D.C. Cir. 1993)). However, filing *pro se* "does not constitute a license . . . to ignore the Federal Rules of Civil Procedure . . . ." *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.C. Cir. 1987). Indeed, the court maintains the authority to dismiss a case for failure to prosecute or follow the Federal Rules of Civil Procedure against a *pro se* litigant. *See, e.g.*, *Allen v. United States*, 277 F.R.D. 221, 224 (D.D.C. 2011).

"[T]he court must 'explain why the harsh sanction of dismissal [i]s necessary under the circumstances of the case.'" *Peterson*, 637 F.3d at 418 (quoting *English-Speaking Union v. Johnson*, 353 F.3d 1013, 1016 (D.C. Cir. 2004)). The sanction should only be considered "after less dire alternatives have been tried without success." *Id.* at 418–19 (quoting *Noble v. U.S. Postal Serv.*, 71 Fed. Appx. 69, 69 (D.C. Cir. 2003)).

Dismissal is warranted "if, in view of the entire procedural history of the case, the litigant has not manifested reasonable diligence in pursuing the cause." *Bomate v. Ford Motor Co.*, 761 F.2d 713, 714 (D.C. Cir. 1985) (citing *Cherry v. Brown-Frazier-Whitney*, 548 F.2d 965, 969 (D.C. Cir. 1976)). In making this determination, courts typically consider the effect of plaintiff's dilatory conduct on the docket, the prejudice to the defendant, and whether a milder disciplinary measure to dismissal is available. *See Bristol Petroleum Corp. v. Harris*, 901 F.2d 165, 167 (D.C. Cir. 1990) (citing *Shea v. Donohoe Constr. Co.*, 795 F.2d 1071, 1074 (D.C. Cir. 1986)). Misconduct by the plaintiff may be demonstrated by evidence in the record of "bad faith, deliberate misconduct, or tactical delay." *Trakas v. Quality Brands, Inc.*, 759 F.2d 185, 186 (D.C. Cir. 1985). A "lengthy period of inactivity" may also provide sufficient grounds for dismissal, particularly in the presence of other aggravating factors, such as a lack of excuse or failure to obey court orders. *Smith-Bey v. Cripe*, 852 F.2d 592, 594 (D.C. Cir. 1988).

### III. <u>LEGAL ANALYSIS</u>

Dismissal is warranted here. First, Plaintiff has "not manifested reasonable diligence in pursuing [his] cause." *Bomate*, 761 F.2d at 714; *see Allen*, 277 F.R.D. at 224 (dismissing *pro se* plaintiff's case for failure to prosecute after providing warnings and additional time to file). Despite having ample opportunity, Plaintiff has not had any contact with the Court or shown interest in pursuing this case since jointly filing a meet and confer statement with Defendant more than nine months ago. *See* Meet and Confer Statement, ECF No. 25. Thus, dismissal without prejudice is justified under the circumstances and necessary to ensure efficient operation of the district courts. *See Link*, 370 U.S. at 633–35 (finding no abuse of discretion for court's dismissal for failure to prosecute after plaintiff's counsel, "in the context of other evidence of delay," failed to appear at pretrial conference).

Second, Plaintiff's failure to adhere to this Court's scheduling order and order to show cause has caused "unreasonable delay," which establishes a presumption of prejudice to Defendant. *Shea v. Donohoe Const. Co.*, 795 F.2d 1071, 1075 (D.C. Cir. 1986). "[T]here is no hard and fast requirement that the party aggrieved by such unreasonable delay always presents specific evidence of the exact nature of the prejudice." *Id.* (citing *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 43 (2d Cir. 1982)).

Finally, dismissal is warranted here because the Court has attempted to use "less dire alternatives." *Peterson*, 637 F.3d at 418. In *Peterson*, dismissal for failure to prosecute was erroneous because the plaintiff missed a single hearing, and the Court failed to warn the plaintiff about the consequences of continuing to fail to appear. *See id.* at 419. This case presents opposite facts: Plaintiff has failed to comply with this Court's scheduling order and show cause order, the latter of which the Court warned could result in dismissal. *See* Order to Show Cause at 2. Plaintiff's failure to respond to the Court's show cause order and subsequent inaction on his case warrant dismissal. *See Wingfield v. Off. of Architect of the Capitol*, No. 18-cv-2272, 2022 WL 629082, at *1 (D.D.C. Feb. 21, 2022) (dismissing case after *pro se* plaintiff failed to respond to show cause order within seven-day deadline with explanation for failure to abide by a court-ordered discovery deadline).

## IV.   CONCLUSION

For the reasons stated herein, the Court will GRANT Defendant's motion and dismiss this case without prejudice.

Date: September 9, 2022

                                                ZIA M. FARUQUI
                                                UNITED STATES MAGISTRATE JUDGE